IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                 Plaintiff, )<br>     v. )<br>)<br>QUOC THI HOANG NGUYEN, A.K.A. )<br>QUOC THI H. TRAN, N.K.A. QUOC )<br>THI HOANG OSTERHOUDT, AND )<br>QUOC THI HOANG NGUYEN, A.K.A. )<br>QUOC THI H. TRAN, N.K.A. QUOC )<br>THI HOANG OSTERHOUDT AS THE )<br>PERSONAL REPRESENTATIVE OF )<br>THE ESTATE OF THANH CONG )<br>TRAN, LUCY NEI-JEN CHIEN, )<br>ROBERT D. GOETSCH AND ELFRIDE )<br>GROH, AMERICAN SAVINGS BANK, )<br>STATE OF HAWAII, DEPARTMENT )<br>OF TAXATION, GERRELL )<br>MANAGEMENT, INC., N.K.A. CTMS, )<br>INC., PAUAHI ASSOCIATES, )<br>RELIABLE COLLECTION AGENCY, )<br>GENTRY-WAIPIO COMMUNITY )<br>AREA ASSOCIATION, VICTOR W.T. )<br>LEE AND JEANETTE Y.L. LEE, )<br>DISCOVER BANK, AND LEVLYN )<br>CORPORATION, )<br>                Defendants. ) | Civil No. CV 09-00065-SOM-LEK<br><br>**FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS VICTOR W.T. LEE, JEANETTE Y.L. LEE, PAUAHI ASSOCIATES, RELIABLE COLLECTION AGENCY, AND GENTRY-WAIPIO COMMUNITY AREA ASSOCIATION.** |

**FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES'
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
VICTOR W.T. LEE, JEANETTE Y.L. LEE, PAUAHI ASSOCIATES,
RELIABLE COLLECTION AGENCY, AND GENTRY-WAIPIO
COMMUNITY AREA ASSOCIATION**

Before the Court is Plaintiff United States' ("the Government") Motion for Default Judgment Against Defendants Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association, filed on September 21, 2009. None of these defendants have responded to the Motion. Defendant State of Hawaii Department of Taxation ("State"), who has appeared in this case, responded that it does not oppose the Motion. The matter was heard on October 29, 2009, with Amy Matchison appearing by telephone for the Government. None of the defendants appeared at hearing. After careful consideration of the Motion, supporting documents, the hearing on the matter, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

On February 12, 2009, the United States filed its complaint seeking in part to obtain an order foreclosing its federal tax liens on the real property at issue that the United States contends is the property of Quoc Thi Hoang Nguyen and Thanh Cong Tran. Because they may claim an interest in the property, the Government

named as additional defendants Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association.  The Government also seeks an order allowing for a sale of that real property to partially satisfy the federal tax liens at issue in this case.

On June 4, 2009, the Government properly served Victor W.T. Lee pursuant to Fed. R. Civ. P. 4(e)(2).  Mr. Lee has not filed an answer or other responsive pleading, nor has he appeared in this case.   The Clerk of the Court entered default against Mr. Lee for his failure to plead or otherwise defend against the complaint on August 28, 2009.

On June 9, 2009, the Government properly served representatives of Jeanette Y.L. Lee (deceased) pursuant to Fed. R. Civ. P. 4(e)(2).  Ms. Lee's representatives have not filed an answer or other responsive pleading, nor have they appeared in this case.   The Clerk of the Court entered default against Jeanette Y.L. Lee for failure to plead or otherwise defend against the complaint on August 28, 2009.

On March 25, 2009, the Government properly served Gentry-Waipio Community Area Association pursuant to Fed. R. Civ. P. 4(e)(2).  Gentry-Waipio Community Area Association has not filed an answer or other responsive pleading, nor has it appeared in this case.  The Clerk of the Court entered default against Gentry-Waipio Community Area Association for its failure to plead or otherwise defend against the complaint on August 7, 2009.

On April 20, 2009, the Government properly served Reliable Collection Agency pursuant to Fed. R. Civ. P. 4(e)(2). Reliable Collection Agency has not filed an answer or other responsive pleading, nor has it appeared in this case. The Clerk of the Court entered default against Reliable Collection Agency for its failure to plead or otherwise defend against the complaint on August 7, 2009. On June 4, 2009, this Court extended the time in which the United States may effect service upon Pauahi Associates and also ordered that service could be effectuated by publication of this action in the Honolulu Advertiser, once a week for four successive weeks with a return day of August 3, 2009. In compliance with this Order the Government caused to be a published a Notice of Summons and Service by Publication in the Honolulu Advertiser once a week for four weeks starting June 17, 2009, and ending July 8, 2009. Despite this, Pauahi Associates has not filed an answer or other responsive pleading, nor has it appeared in this case. The Clerk of the Court entered default against Pauahi Associates for its failure to plead or otherwise defend against the complaint on August 7, 2009. The default judgment would extinguish any interest that Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association may have in the subject property.

Congress has authorized the IRS to collect outstanding tax liabilities. Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a

judgment in order to enforce the internal revenue laws. Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes. Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon, the property at issue. Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.

The Government argues that it would be prejudiced if Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association's interests in the subject property are not extinguished because the United States would not be able to sell the subject property. The Government argues that the potential prejudice to it, and to the other parties, weighs in favor of granting default judgment. The Government notes that it is not seeking damages against Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association and that the extinguishment of any interest in, and record title to, the subject property of Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association would not affect any amount that Quoc Thi Hoang Nguyen and Thanh Cong Tran

may owe them. The Government contends that default judgment is also warranted because there is no possibility of a dispute over the material facts in this case as it relates to Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association. The factual allegations of the Complaint are presumed to be true and Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association have never appeared in this case.

The Government also argues that default judgment is appropriate because Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association's default was not the result of excusable neglect. Although many months has elapsed since their answer or other responsive pleading was due, none of them has ever filed a response to the Complaint. Thus, Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association had knowledge of the proceedings but failed to respond and there is nothing in the record indicating that this was the result of excusable neglect.

Finally, the Government acknowledges that there is a strong policy favoring decisions on the merits, but the Government argues that Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association had ample opportunity to respond and failed to do

so. It would be unfair to penalize the Government on its claims and to all of the other non-defaulting parties by jeopardizing the sale of the subject property. The Government therefore argues that all of the relevant factors weigh in favor of granting default judgment.

## DISCUSSION

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*quoting Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). The Court has discretion whether to enter default judgment. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72. "In applying this discretionary standard, default judgments are more

often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes*, 559 F.2d at 560. The plaintiff, however, must establish the relief to which it is entitled. *See Pope v. United States*, 323 U.S. 1 (1944); *Fair Housing of Marin*, 285 F.3d at 906.

The Government has diligently litigated the instant case and it will be prejudiced if Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association's interests in the subject property are not extinguished and Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association are not precluded from objecting to the Government foreclosing its federal tax liens against the subject property. In light of the fact that Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association have never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that their default was due to excusable neglect.

This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion. The only factor that weighs against granting the Motion is

the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment against Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association and in favor of the Government which would extinguish their interest in the subject property and preclude Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association from objecting to a foreclosure of the federal tax liens against the subject property by the Government in this case is warranted.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendants Victor W.T. Lee, Jeanette Y.L. Lee, Pauahi Associates, Reliable Collection Agency, and Gentry-Waipio Community Area Association's filed September 21, 2009, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, November 5, 2009.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. QUOC THI HOANG NGUYEN; CIVIL NO. 09-00065 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS VICTOR W.T. LEE, JEANETTE Y.L. LEE, PAUAHI ASSOCIATES, RELIABLE COLLECTION AGENCY, AND GENTRY-WAIPIO COMMUNITY AREA ASSOCIATION**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS VICTOR W.T. LEE, JEANETTE Y.L. LEE, PAUAHI ASSOCIATES, RELIABLE COLLECTION AGENCY, AND GENTRY-WAIPIO COMMUNITY AREA ASSOCIATION has been made this 3rd day of November, 2009, by the Court's CM/ECF system and postage prepaid First Class Mail to:

| | |
|---|---|
| Quoc Thi Hoang Nguyen a.k.a. Quoc Thi H. Tran n.k.a. Quoc Thi Hoang Osterhoudt | Law Office of Leighton K. Lee<br>222 Merchant Street Suite 201<br>Honolulu, Hawaii 96813 |
| Victor W.T. Lee and Jeanette Y.L. Lee | 4432 Puu Panini Avenue Apartment A<br>Honolulu, Hawaii 96816-4742 |
| Gentry-Waipio Community Area Associates | c/o Certified Management, Inc.<br>3179 Koapaka Street, 2nd Floor<br>Honolulu, Hawaii 96819 |
| Reliable Collection Agency, Ltd. | c/o Robert Chapman<br>700 Bishop Street, Suite 2100<br>Honolulu, Hawaii 96813 |
| Gerrell Management, Inc. n.k.a. CTMS, Inc. | Roy T. Ogawa<br>600 Ocean View Center<br>707 Richards Street<br>Honolulu, HI 96813 |
| Levlyn Corporation | Roy T. Ogawa<br>600 Ocean View Center<br>707 Richards Street<br>Honolulu, HI 96813 |
| American Savings Bank F.S.B | Marvin S. C. Dang<br>P.O. Box 4109<br>Honolulu, HI 96812-4109 |
| The State of Hawaii Department of Taxation | Nathan S. Chee<br>425 Queen Street<br>Honolulu, HI 96813 |
| Discover Bank | Guy C. Zuckeran<br>1050 Bishop Street, #545<br>Honolulu, Hawaii 96813 |

/s/ Amy Matchison
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice