FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii
DERRICK K. WATSON (CASBN # 154427)
Asst. United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.,
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Derrick.Watson@usdoj.gov

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington DC 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
Email: Jeremy.N.Hendon@usdoj.gov
       Western.Taxcivil.@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> QUOC THI HOANG NGUYEN, A.K.A. ) <br> QUOC THI H. TRAN, N.K.A. QUOC ) <br> THI HOANG OSTERHOUDT, AND ) <br> QUOC THI HOANG NGUYEN, A.K.A. ) <br> QUOC THI H. TRAN, N.K.A. QUOC ) <br> THI HOANG OSTERHOUDT AS THE ) <br> PERSONAL REPRESENTATIVE OF THE ) <br> ESTATE OF THANH CONG TRAN, LUCY ) <br> NEI-JEN CHIEN, ROBERT D. GOETSCH ) <br> AND ELFRIDE GROH, AMERICAN ) <br> SAVINGS BANK, STATE OF HAWAII, ) <br> DEPARTMENT OF TAXATION, GERRELL ) <br> MANAGEMENT, INC., N.K.A. CTMS, ) <br> INC., PAUAHI ASSOCIATES, ) <br> RELIABLE COLLECTION AGENCY, ) <br> GENTRY-WAIPIO COMMUNITY AREA ) | Civil No.  CV 09-00065-SOM-LEK <br><br> **[PROPOSED]** **AMENDED ORDER OF FORECLOSURE AND JUDICIAL SALE; CERTIFICATE OF SERVICE** |

ASSOCIATION, VICTOR W.T. LEE AND  )
JEANETTE Y.L. LEE, DISCOVER BANK, )
AND LEVLYN CORPORATION,           )
                                  )
            Defendants.           )

**AMENDED ORDER OF FORECLOSURE AND JUDICIAL SALE**

Before the Court is the United States' Motion for Summary Judgment, filed on August 4, 2010 (docket #93), seeking to reduce federal tax assessments to judgment and an order of foreclosure and judicial sale. The Court held a hearing on November 15, 2010, and Jeremy N. Hendon, Esq., counsel for plaintiff United States, appeared by telephone, Leighton K. Lee, Esq., counsel for defendants Quoc Thi Hoang Nguyen a.k.a. Quoc Thi H. Tran n.k.a. Quoc Thi Hoang Osterhoudt, individually and as the personal representative of the Estate of Thanh Cong Tran, and Summer S. Okada, Esq., counsel for defendant American Savings Bank, appeared in person. The United States' motion was unopposed and is therefore granted. This Amended Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1. Quoc Thi Hoang Nguyen, a.k.a. Quoc Thi H. Tran, n.k.a. Quoc Thi Hoang Osterhoudt ("Quoc") and Thanh Cong Tran ("Thanh") (Estate of Thanh) are indebted to the United States of America ("United States") for unpaid assessed balances of federal income taxes for tax years 1995 and 1996, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until

paid. Quoc and Thanh (Estate of Thanh), jointly and severally, owe the United States $141,649.70 for their federal income tax liabilities for tax years 1995 and 1996, calculated through July 29, 2010, plus such additional statutory additions, including interest, that continue to accrue until paid in full.

2.   Quoc and Thanh (Estate of Thanh) are indebted to the United States, jointly and severally, for an unpaid assessed balance of a trust fund recovery penalty under 26 U.S.C. § 6672 for the tax period ending March 31, 1998, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  Quoc owes the United States $46,542.37 for the trust fund recovery penalty liability described in this paragraph, calculated through July 29, 2010, plus such additional statutory additions, including interest, as continue to accrue until paid in full.  Thanh (Estate of Thanh) owes the United States $46,339.79 for the trust fund recovery penalty liability described in this paragraph, calculated through July 29, 2010, plus such additional statutory additions, including interest, as continue to accrue until paid in full.

3.   The parcel of real property upon which foreclosure is sought is residential real property located at 94-880 Leomana Way, Waipahu, Hawaii 96797 ("the real property at issue").  The legal description of such real property is set forth in paragraph 21 of the United States' Complaint to Reduce Federal Tax

Assessments to Judgment and Foreclose Federal Tax Liens on Real Property ("Complaint").

4. Quoc and Thanh obtained title to the real property at issue via a Warranty Deed on July 28, 1988.

5. Thanh died on January 19, 2005, and Quoc petitioned the Land Court of the State of Hawaii for an amendment of the Land Court Certificate of Title to reflect Thanh's death.

6. The United States has valid and subsisting tax liens on all property and rights to property of Quoc and Thanh, including the real property at issue, arising from the assessments described in paragraphs 22, 30, and 35 of the Complaint, which tax liens are effective as of the dates of those assessments. The United States further protected its liens by filing Notices of Federal Tax Lien with the State of Hawaii, Bureau of Conveyances, and with the Hawaii Land Court.

7. Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens against the real property at issue in order to apply the proceeds towards the tax liabilities of Quoc and Thanh.

8. The United States' federal tax liens against the real property at issue are hereby foreclosed. An Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the real property at issue, free and clear of the right, title and interest of all parties to this action and any successors in interest or

transferees of those parties. The PALS representative shall carry out the sale under this Amended Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Amended Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

9. The PALS representative is authorized to have free access to the real property at issue and to take all actions necessary to preserve it including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

10. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale of the real property at issue shall be by public auction to the highest bidder.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the courthouse of the county or city in which the real property at issue is located, on the real property at issue's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a

date and time announced by the PALS representative.

d.  Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Honolulu County, and, at the discretion of the PALS representative, by any other notice that it or its representative may deem appropriate. **State law notice requirements for foreclosures or execution sales do <u>not</u> apply to this sale under federal law.** The notice of sale shall describe the real property at issue and contain the material terms and conditions of sale in this Amended Order of Foreclosure and Judicial Sale.

e.  The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the PALS representative may, without further permission of this Court, and under the terms and conditions in this Amended Order of Foreclosure and Judicial Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

f.  Bidders shall be required to DEPOSIT at the time of sale with the PALS representative a minimum of five percent of the bid with the deposit to be

        made by a certified or cashier's check payable to the United States District Court for the District of Hawaii. Before being permitted to bid at the sale, bidders shall display to the PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of the real property at issue in excess of the deposit tendered shall be paid to the PALS representative within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Hawaii. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Quoc and Thanh at issue herein. The real property at issue shall be again offered for sale under the terms and conditions of this Amended Order of Foreclosure and Judicial Sale. The United States may bid as a credit against its judgment without tender of cash.

h. The sale of the real property at issue shall not be final until confirmed by this Court. The PALS

representative shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 30 days from the date of receipt of the balance of the purchase price.

 i. Upon confirmation of the sale, the PALS representative or the IRS shall promptly execute and deliver a deed of judicial sale conveying the real property at issue to the purchaser.

 j. Upon confirmation of the sale, the interests of, liens against, or claims to the real property at issue held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. **Redemption rights under state law shall not apply to this sale under federal law.**

 k. Upon confirmation of the sale, the purchaser shall have the recorder of deeds, Bureau of Conveyances, State of Hawaii, and/or the Hawaii Land Court to cause transfer of the real property at issue to be reflected upon the register of title.

11. Until the real property at issue is sold, Quoc shall take all reasonable steps necessary to preserve the real property at issue (including all buildings, improvements, fixtures and

appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the real property at issue.  She shall not commit waste against the real property at issue, nor shall she cause or permit anyone else to do so.  She shall not do anything that tends to reduce the value or marketability of the real property at issue, nor shall she cause or permit anyone else to do so.  She shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the real property at issue or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall she cause or permit anyone else to do so.  **Violation of this paragraph shall be deemed a contempt of court and punishable as such.**

  12. All persons occupying the real property at issue shall leave and vacate permanently such property no later than seven (7) days after this Amended Order is signed each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating.  If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office or the Sheriff of Honolulu County is authorized to take whatever action they deem appropriate to remove such person or persons from the premises, even though the sale of such property is being conducted by a PALS representative.  If any person fails or refuses to remove his or her personal property

from the real property at issue by the time specified herein, the personal property remaining on the real property at issue thereafter is deemed forfeited and abandoned, and the PALS representative is authorized and directed to remove and dispose of it in any manner he/she sees fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

13. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the real property at issue is confirmed by this Court, the real property at issue remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the real property at issue to the purchasers thereof.

14. If Quoc, and any other persons occupying the real property at issue, vacates the property prior to the deadline set forth in paragraph 12, above, such person shall notify counsel for the United States no later than 2 business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for said counsel, Jeremy N. Hendon, at (202) 353-2466.

15. The PALS representative shall deposit the amount paid by the purchaser into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds in the following partial order of preference until these expenses and liens are

satisfied: first, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Honolulu County, for any and all liens it may have on the real property at issue for unpaid real property taxes or special assessments at the time of the sale; and third to defendant American Savings Bank in an amount it establishes it is owed on its senior mortgage. Distribution of the remaining proceeds should be determined either through a stipulation between the remaining parties and approved by the Court or by order of the Court after submission of briefs by the remaining parties setting forth their arguments as to how the remaining proceeds should be distributed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 15, 2011.



                    /s/ Susan Oki Mollway
                    Susan Oki Mollway
                    Chief United States District Judge

United States v. Quoc Thi Hoang Nguyen, et al.; CV 09-00065-SOM-LEK; [PROPOSED] **AMENDED ORDER OF FORECLOSURE AND JUDICIAL SALE; CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

   IT IS HEREBY CERTIFIED that service of the **[PROPOSED] AMENDED ORDER OF FORECLOSURE AND JUDICIAL SALE** has been made this 1st day of September, 2011, electronically through CM/ECF (if noted with email address) or via first class mail (if noted with a mailing address) to:

| | |
|---|---|
| Quoc Thi Hoang Nguyen a.k.a. Quoc Thi H. Tran n.k.a. Quoc Thi Hoang Osterhoudt | Leighton K. Lee<br>leighton@hawaiilaw.org |
| Gerrell Management, Inc. n.k.a. CTMS, Inc. and Levlyn Corporation | Roy T. Ogawa<br>rogawa@ollon.com, amf@ollon.com |
| American Savings Bank F.S.B | Marvin S. C. Dang, Summer Okada<br>dangm@aloha.net, sokada@lava.net |
| The State of Hawaii Department of Taxation | Nathan S. Chee<br>nathan.s.chee@hawaii.gov |
| Discover Bank | Guy C. Zuckeran<br>1050 Bishop Street, #545<br>Honolulu, Hawaii 96813 |
| Gentry-Waipio Community Association | Hwa Kyung Song<br>kyung@myrhawaii.com,<br>thelaw@hawaii.rr.com |

          /s/ Jeremy N. Hendon

          JEREMY N. HENDON
          Trial Attorney, Tax Division
          U.S. Department of Justice